26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Micaela MORALES-MEDRANO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70531.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1994.
Decided May 13, 1994.
 
 1
 Before: NOONAN and T.G. NELSON, Circuit Judges, and EZRA**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Maria Micaela Morales-Medrano, a native and citizen of Nicaragua, entered the United States without inspection on December 15, 1986. Ordered to show cause why she was not deportable, she conceded deportability but requested asylum. The Immigration Judge denied her request but granted voluntary departure. Morales-Medrano appealed to the Board of Immigration Appeals.
 
 
 4
 The Board dismissed the appeal, finding that under 8 U.S.C. Secs. 1158(a) and 1253(h), the political views of her common-law husband would not be imputed to Morales-Medrano.
 
 
 5
 The Board acknowledged that Morales-Medrano's common-law husband was apparently put on an execution list. Nevertheless, although this court has suggested that persecution of a family member may help to establish a well-founded fear of persecution, see, e.g., Ramirez Rivas v. INS, 899 F.2d 864, 870 (9th Cir.1990), vacated on other grounds, 112 S.Ct. 858 (1992), Morales-Medrano's background does not bring her within the line of "family member" cases. Morales-Medrano's family was not subjected to the wholesale terror and slaughter suggested by these cases; nor is the connection between Morales-Medrano and her common-law husband as close as in other cases. Here, a "family" connection does not in itself reveal even a ten-percent chance of persecution. See Rebollo-Jovel v. INS, 794 F.2d 441, 447 (9th Cir.1986).
 
 
 6
 Morales-Medrano's account of her political background and of harassment she received does not show that her " 'predicament is appreciably different from the dangers faced by [her] fellow citizens.' " Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991) (citation omitted). Nor does "[g]eneral evidence of widespread conditions of violence" establish a claim for asylum. Blancho-Comarribas v. INS, 830 F.2d 1039, 1041 (9th Cir.1987).
 
 
 7
 Substantial evidence supports the Board's findings that Morales-Medrano is not entitled to asylum. Because she failed to show she was qualified for a grant of asylum, Morales-Medrano necessarily fails to qualify for withholding of deportation. See De Valle v. INS, 901 F.2d 787, 793 (9th Cir.1990). Consequently, the petition is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3